## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BETH LANE, TIFFANY LANE and SARAH BLEAKLEY, | ) ) | |
| Plaintiffs, | ) | Case No. 15 cv 6570 |
| v. | ) | |
| | ) | |
| MARY JO LANE and U.S. FINANCIAL LIFE INSURANCE CO., a subsidiary of AXA Equitable, | ) ) ) | |
| Defendants. | ) | |

### ANSWER & AFFIRMATIVE DEFENSES OF MARY JO LANE

NOW COMES Defendant Mary Jo Lane ("Mary Jo"), by her attorneys, Dressler Peters, LLC, and for her Answer and Affirmative Defenses to the Complaint of Beth Lane ("Beth"), Tiffany Lane ("Tiffany") and Sarah Bleakley ("Sarah") (collectively "Plaintiffs"), states as follows:

### PARTIES

1.      Plaintiff Beth Lane is a resident of the State of Illinois. Beth Lane is one of the three biological children of Jeffrey D, Lane, deceased ("Jeffrey Lane").

**ANSWER :** Admit


2.      Plaintiff Tiffany Lane is a resident of the State of Illinois. Tiffany Lane is one of the three biological children of Jeffrey Lane.

**ANSWER:** Admit

3.      Plaintiff Sarah Bleakley is a resident of the State of Illinois. Sarah Bleakley is one of the three biological children of Jeffrey Lane.

**ANSWER:** Admit

4.      Defendant Mary Jo Lane f/k/a Mary Jo Wiltshire ("Mary Jo Lane") is a resident of the State of Indiana. Mary Jo Lane is the fourth wife and widow of Jeffrey Lane.

**ANSWER:** Admit that Respondent is a resident and citizen of the State of Indiana. Deny that Respondent is the fourth wife of Jeffrey Lane. Admit that Respondent is Jeffrey Lane's widow.

5.      Defendant U.S. Financial Life Insurance Co. ("U.S. Financial") is a corporation organized in and registered with the State of Ohio, which, upon information and belief, maintains its principal offices in Cincinnati, Ohio.

**ANSWER:** Admit upon information and belief.

6.      Upon information and belief, U.S. Financial is a subsidiary of AXA Equitable, a New York stock life insurance corporation organized and registered in the State of New York, which maintains its principal offices in New York, New York and Jersey City, New Jersey.

**ANSWER:**  Admit upon information and belief.

## JURISDICTION AND VENUE

7.      Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332(a) by virtue of the fact that the parties are citizens of different states and the amount in controversy

exceeds $75,000.00, exclusive of interest and costs.

**ANSWER:** Admit.

8.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) by virtue of the fact that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, namely that the insurance policy which forms the basis for Plaintiffs' claims herein originated in and was executed in this judicial district in Oak Forest, Illinois.

**ANSWER:** Deny.

## COMMON ALLEGATIONS

9.      On or about February 8, 2002, Jeffrey Lane, a then resident of the State of Illinois, residing in Oak Forest, Illinois, applied for a $400,000 life insurance policy with U.S. Financial. A true and correct copy of the application is attached hereto as Exhibit 1.

**ANSWER:** Admit upon information and belief.

10.      U.S. Financial accepted the application and Jeffrey Lane became the owner of a $400,000 life insurance policy with U.S. Financial, designated as policy no. 0000201954 (the "Insurance Policy"), from on or about April 22, 2002 up to Jeffrey Lane's death on November 11, 2014.

**ANSWER:** Admit.

11.      Plaintiffs have subpoenaed records from U.S. Financial relating to the Insurance Policy and all documents related thereto. Upon information and belief, U.S. Financial has

responded by providing the best and most complete information on the Insurance Policy currently available to it, including but not limited to the Insurance Policy application, change of beneficiary forms, correspondence regarding the Insurance Policy and the death claim file for Jeffrey Lane.

**ANSWER:** Respondent lacks knowledge and information sufficient to form a belief about the truth of the allegations set forth within this paragraph and, therefore, denies the same in its entirety.

12.     U.S. Financial has been unable to locate the specific Insurance Policy issued to Jeffrey Lane, but have provided Plaintiffs with a "Specimen" Policy that it has represented contains the terms and provisions that would have governed Jeffrey Lane's Insurance Policy. A true and correct copy of the Specimen Policy is attached hereto as Exhibit 2.

**ANSWER:** Respondent lacks knowledge and information sufficient to form a belief about the truth of the allegations set forth within this paragraph and, therefore, denies the same in its entirety.

13.     In his February 8, 2002 application, Jeffrey Lane designated the Plaintiffs and his sister, Cathy Kuiken, as the primary beneficiaries of the Insurance Policy, with each being granted the following interest in the Insurance Policy: Beth Lane 30%; Tiffany Lane 30%; Sarah Lane 30%; Cathy Kuiken 10%. (Exhibit 1, p. 2)

**ANSWER:** Respondent lacks knowledge and information sufficient to form a belief about the truth of the allegations set forth within this paragraph and, therefore, denies the same in its entirety.

14.     On or about December 14, 2007, Jeffrey Lane changed the primary beneficiary designation of the Insurance Policy to designate just the Plaintiffs as the primary beneficiaries, with each being granted a one-third (1/3) interest in the Insurance Policy (the "December 2007 Change of Beneficiary Designation"). A true and correct copy of the December 2007 Change of Beneficiary Designation submitted to U.S. Financial on or about December 14, 2007 is attached hereto as Exhibit 3.

**ANSWER:** Respondent lacks knowledge and information sufficient to form a belief about the truth of the allegations set forth within this paragraph and, therefore, denies the same in its entirety.

15.     By a letter dated December 29, 2007, U.S. Financial sent Jeffrey Lane a written confirmation that his December 2007 Change of Beneficiary Designation was received, processed and recorded. A true and correct copy of the December 29, 2007 acknowledgment letter is attached hereto as Exhibit 4.

**ANSWER:**  Respondent lacks knowledge and information sufficient to form a belief about the truth of the allegations set forth within this paragraph and, therefore, denies the same in its entirety.

16.      By a letter dated August 10, 2011, U.S. Financial sent Jeffrey Lane a written confirmation acknowledging receipt and recording of his notification of a change of address. A true and correct copy of the August 10, 2011 acknowledgment letter is attached hereto as Exhibit 5.

**ANSWER:**  Respondent lacks knowledge and information sufficient to form a belief about the truth of the allegations set forth within this paragraph and, therefore, denies the same in its

entirety.

17.　　On October 28, 2011, Jeffrey Lane married defendant Mary Jo Lane.

**ANSWER:** Admit.

18.　　By a letter dated January 23, 2013, U.S. Financial sent Jeffrey Lane a written confirmation acknowledging receipt and recording of his notification of a change of address. A true and correct copy of the January 23, 2013 letter is attached hereto as Exhibit 6.

**ANSWER:** Respondent lacks knowledge and information sufficient to form a belief about the truth of the allegations set forth within this paragraph and, therefore, denies the same in its entirety.

19.　　Jeffrey Lane died on November 11, 2014.

**ANSWER:** Admit.

20.　　Jeffrey Lane was survived by the Plaintiffs, Mary Jo Lane and two adopted children from his second marriage.

**ANSWER:** Admit.

21.　　From February 2002 up to his death, Plaintiffs were consistently told by Jeffrey Lane that he had the Insurance Policy for their benefit if something were to happen to him.

**ANSWER:** Respondent lacks knowledge and information sufficient to form a belief about the truth of the allegations set forth within this paragraph and, therefore, denies the same in its entirety. In further answering, Respondent possesses writings from the deceased expressly

contradicting the allegations set forth within this paragraph.

22.     After Jeffrey Lane's death, Mary Jo Lane's attorney and the attorney for the Estate of Jeffrey Lane believed Plaintiffs were the beneficiaries of the Insurance Policy and on December 3, 2014 and directed U.S. Financial to send claim forms for Plaintiffs to complete. A true and correct copy of the December 3, 2014 email from Mary Jo Lane's and the Estate of Jeffrey Lane's attorney is attached hereto as Exhibit 7.

**ANSWER:**  Respondent lacks knowledge and information sufficient to form a belief about the truth of the allegations set forth within this paragraph and, therefore, denies the same in its entirety.

23.     However, in late December 2014, Mary Jo Lane submitted a claim form to U.S. Financial dated December 16, 2014, titled "Beneficiary's Statement" in which Mary Jo Lane identified herself as the sole beneficiary of the Insurance Policy (the "Claim Form"). A true and correct copy of the Claim Form is attached hereto as Exhibit 8.

**ANSWER:**  Admit.

24.     On or about January 6, 2015, U.S. Financial paid Mary Jo Lane the entire proceeds of the insurance policy of $400,000.00 plus a refund of the premium in the amount of $160.00, for a total payment of $400,160.00 (the "Insurance Proceeds"). A true and correct copy of the January 6, 2015 transmittal letter and a true and correct copy of the payment check dated January *5,* 2015 are attached hereto as Exhibit 9.

**ANSWER:**  Admit.

25.     Payment was made to Mary Jo Lane pursuant to a purported change in beneficiary designation, purportedly signed by Jeffrey Lane on August 8, 2011 (the "Purported Change in Beneficiary Designation"). A true and correct copy of the Purported Change in Beneficiary Designation is attached hereto as Exhibit 10.

**ANSWER:** Admit.


26.     The Purported Change in Beneficiary Designation designated Mary Jo Lane, his then-fiancee, as the sole primary beneficiary of the Policy and designated the "Estate of Jeff Lane" as the contingent beneficiary. (Exhibit 10)

**ANSWER:** Admit.


27.     The Purported Change in Beneficiary Designation (Exhibit I 0) is void as it contains the forged signature of Jeffrey Lane.

**ANSWER:** Deny.


28.     Upon information and belief, Mary Jo Lane, or someone on behalf of or at the direction of Mary Jo Lane, filled in the information contained on the Purported Change in Beneficiary Designation and forged the signature of Jeffrey Lane on the Purported Change in Beneficiary Designation.

**ANSWER:** Deny.


29.     Upon information and belief, Jeffrey Lane did not authorize or otherwise consent to Mary Jo Lane, or someone on behalf of or at the direction of Mary Jo Lane, signing

his name to the Purported Change in Beneficiary Designation.

**ANSWER:** Admit.

    30.     Upon information and belief, Jeffrey Lane did not authorize or otherwise consent to designating Mary Jo Lane as the sole primary beneficiary of the Insurance Policy as set forth on the Purported Change in Beneficiary Designation.

**ANSWER:** Deny.

    31.     It is unknown when the Purported Change in Beneficiary Designation was actually received by U.S. Financial for the following reasons:

    a. There are two time stamps on the Purported Change in Beneficiary Designation, one dated November 7, 2011 and one dated August 19 with an illegible year two- digit year designation that beings with a zero. (Exhibit 10)

    b. U.S. Financial has no record of sending Jeffrey Lane a confirmation/acknowledgement of the Purported Change in Beneficiary Designation being received or processed.

    c. Contrary to the 2007 Change in Beneficiary Designation (Exhibit 3) the Purported Change in Beneficiary Designation (Exhibit 10) contains no stamp or other marking recording when the Purported Change in Beneficiary Designation was received by U.S. Financial.

    d. According to U.S. Financial's internal system, as of November 14, 2014, Plaintiffs were still identified as the beneficiaries of the Insurance Policy and the system notes only that "there is a beneficiary change on file in AWD – changing beneficiary to fiancee/now wife Mary Jo." A true and correct copy of

U.S. Financial's intake form reporting the death of Jeffrey Lane and including the report of information contained on U.S. Financial's system as of November 14, 2014 is attached hereto as Exhibit 11.

e. Plaintiffs were informed that the Purported Change in Beneficiary Designation (Exhibit 10) was "found" by Mary Jo Lane and submitted to U.S. Financial after Jeffrey Lane's death.

**ANSWER:** Deny.

32.     Plaintiffs remain the true and intended primary beneficiaries of the Insurance Policy by virtue of the December 2007 Change in Beneficiary Designation (Exhibit 3), which is the last and most recent authentic beneficiary designation for the Insurance Policy.

**ANSWER:** Deny.

33.     Plaintiffs, as the primary beneficiaries of the Insurance Policy have a third-party beneficiary interest in the Insurance Policy.

**ANSWER:** Deny.

<u>**COUNT I**</u>
**(Common Law Fraud - Mary Jo Lane)**

34.     Plaintiffs incorporate by reference Paragraphs 1 through 33 above as Paragraph 34 of this Count I as if fully set forth herein.

**ANSWER:** Respondent incorporates by reference her answers to all preceding paragraphs of this Complaint, as applicable and as if set forth herein.

35.     Mary Jo Lane submitted the Purported Change in Beneficiary Designation (Exhibit 10) to U.S. Financial, which named her as the sole primary beneficiary of the Insurance Policy, when she knew that the Purported Change in Beneficiary form contained the forged signature of Jeffrey Lane.

**ANSWER:** Deny.

36.     Mary Jo Lane submitted the Claim Form (Exhibit 8) to U.S. Financial for collection of the Insurance Proceeds of the Insurance Policy when she knew that the Purported Change in Beneficiary Designation, designating her as the sole primary beneficiary, contained the forged signature of Jeffrey Lane.

**ANSWER:** Deny.

37.     Mary Jo Lane accepted the Insurance Proceeds, totaling $400,160.00, when she knew that the Purported Change in Beneficiary Designation, designating her as the sole primary beneficiary, contained the forged signature of Jeffrey Lane.

**ANSWER:** Deny.

38.     Mary Jo Lane's submittal of the Purported Change in Beneficiary Designation and Claim Form to U.S. Financial were false statements of a material fact.

**ANSWER:** Deny.

39.     Mary Jo Lane intended U.S. Financial to rely upon her false statements of

material fact to induce U.S. Financial to pay the Insurance Proceeds of the Insurance Policy to her instead of to Plaintiffs or any other rightful and/or intended beneficiary.

**ANSWER:** Deny.


40.     U.S. Financial relied upon Mary Jo Lane's false statements of material fact and paid the entirety of the Insurance Proceeds to Mary Jo Lane.

**ANSWER:** Deny.


41.     By committing a fraud against U.S. Financial, Mary Jo Lane destroyed the interests of Plaintiffs, the rightful third-party beneficiaries of the Insurance Policy, in the Insurance Policy and Insurance Proceeds.

**ANSWER:** Deny.


42.     Mary Jo Lanes's misrepresentations; *i.e.* the submittal of the Purported Change in Beneficiary Designation and Claim Form, were made willfully and wantonly because she knew the statements were false at the time they were made, knew the information was material to determining who would receive the Insurance Proceeds of the Insurance Policy and willfully intended to induce U.S. Financial to rely on the misrepresentations and tender the Insurance Proceeds to Mary Jo Lane.

**ANSWER:** Deny.


43.     Plaintiffs have been damaged in the amount of at least $400,160.00 as a direct and proximate result of Mary Jo Lane's fraudulent misrepresentations to U.S. Financial and U.S. Financial's reliance thereon.

**ANSWER:** Deny.

## COUNT II
### (Conversion - Mary Jo Lane)

44.     Plaintiffs incorporate by reference Paragraphs I through 40 above as Paragraph 44 of this Count II as if fully set forth herein.

**ANSWER:** Respondent incorporates by reference her answers to all preceding paragraphs of this Complaint, as applicable and as if set forth herein.


45.     Mary Jo Lane has asserted wrongful control and ownership over the Insurance Proceeds which rightfully belong to the Plaintiffs.

**ANSWER:** Deny.


46.     Plaintiffs, by reason of the beneficiary designation contained on the December 2007 Change of Beneficiary Designation, are the rightful beneficiaries of the Insurance Policy and hence the rightful owners of the Insurance Proceeds.

**ANSWER:** Deny.


47.     Because Jeffrey Lane died while the Insurance Policy was in effect, and because U.S. Financial has authorized and made payment under the Insurance Policy, Plaintiffs have a right to the immediate possession of the Insurance Proceeds.

**ANSWER:** Deny.


48.     Plaintiffs have demanded that Mary Jo Lane return possession of the

Insurance Proceeds to Plaintiffs and Mary Jo Lane has refused this demand.

**ANSWER:** Admit that Plaintiffs' counsel has made such a demand, presumably on the Plaintiffs' behalf, and that Respondent's counsel refused the demand on behalf of Respondent.

49.     Plaintiffs have been damaged in the amount of at least $400,160.00 as a direct and proximate result of Mary Jo Lane's conversion of the Insurance Proceeds.

**ANSWER:** Deny.

50.     Mary Jo Lane's conversion of the Insurance Proceeds was committed intentionally, knowingly, willfully and wantonly in disregard of the Plaintiffs' right to the Insurance Proceeds.

**ANSWER:** Deny.

### COUNT III
**(Tortious Interference with Inheritance - Mary Jo Lane)**

51.     Plaintiffs incorporate by reference Paragraphs 1 through 33 above as Paragraph 51 of this Count III as if fully set forth herein.

**ANSWER:** Respondent incorporates by reference her answers to all preceding paragraphs of this Complaint, as applicable and as if set forth herein.

52.     Plaintiffs had an expectancy that they would receive the gift/inheritance of the Insurance Proceeds from the Insurance Policy because From February 2002 up to his death, Plaintiffs were consistently told by Jeffrey Lane that he had the Insurance Policy for their

benefit if something were to happen to him.

**ANSWER:** Deny.

53.     Plaintiffs had an expectancy that they would receive the gift/inheritance of the Insurance Proceeds from the Insurance Policy because they were designated as the sole primary beneficiaries on the December 2007 Change of Beneficiary Designation.

**ANSWER:** Deny.

54.     Mary Jo Lane intentionally interfered with Plaintiffs' expectancy when she committed the following acts:

> a. Upon information and belief, forged or directed someone to forge the Purported Change in Beneficiary Designation (Exhibit JO) and named herself as the sole primary beneficiary of the Insurance Policy;

> b. Submitted the Purported Change in Beneficiary Designation (Exhibit I 0) to U.S. Financial, which named her as the sole primary beneficiary of the Insurance Policy, when she knew that the Purported Change in Beneficiary form contained the forged signature of Jeffrey Lane;

> c. Submitted the Claim Form (Exhibit 8) to U.S. Financial for collection of the Insurance Proceeds of the Insurance Policy when she knew that the Purported Change in Beneficiary Designation (Exhibit I0), designating her as the sole primary beneficiary, contained the forged signature of Jeffrey Lane; and

> d. Accepted the Insurance Proceeds, totaling $400,160.00, when she knew that

the Purported Change in Beneficiary Designation, designating her as the sole primary beneficiary, contained the forged signature of Jeffrey Lane.

**ANSWER:** Deny.

55.     If not for Mary Jo Lane's interference, there is a reasonable certainty that Plaintiffs' expectancy would have been realized because Jeffrey Lane died while the Insurance Policy was in effect, and because U.S. Financial has authorized and made payment of the Insurance Proceeds under the Insurance Policy.

**ANSWER:** Deny.

56.     Plaintiffs have been damaged in the amount of at least $400,160.00 as a direct and proximate result of Mary Jo Lane's tortious interference with their expectancy of the gift/inheritance of the Insurance Proceeds.

**ANSWER:** Deny.

57.     Mary Jo Lane's tortious interference with Plaintiffs' expectancy of the gift/inheritance of the Insurance Proceeds was committed intentionally, knowingly, willfully and wantonly in disregard of the Plaintiffs' right to the Insurance Proceeds

**ANSWER:** Deny.

## COUNT IV
### (Breach of Contract - U.S. Financial)

58.     Plaintiffs incorporate by reference Paragraphs 1 through 33 above as Paragraph 58 of this Count IV as if fully set forth herein.

**ANSWER:** Respondent incorporates by reference her answers to all preceding paragraphs of this Complaint, as applicable and as if set forth herein.

59. The Insurance Policy was a contract between U.S. Financial and Jeffrey Lane.

**ANSWER:** As the allegations set forth within this paragraph are not directed to Respondent for answer, no answer is required and none is made; however, to the extent an answer is required, all allegations set forth are denied.

60. Plaintiffs were and are the intended true third-party beneficiaries of the Insurance Policy who are entitled to enforce the Insurance Policy.

**ANSWER:** As the allegations set forth within this paragraph are not directed to Respondent for answer, no answer is required and none is made; however, to the extent an answer is required, all allegations set forth are denied.

61. Pursuant to the Specimen Policy (Exhibit 2), which governs the terms and conditions of the Insurance Policy, U.S. Financial agreed that "a change in beneficiary must be made in a form acceptable to us. No change will become effective until we record it. Once recorded, the change will be effective as of the date you signed the request." (Exhibit 2, p. 9)

**ANSWER:** As the allegations set forth within this paragraph are not directed to Respondent for answer, no answer is required and none is made; however, to the extent an answer is required, all allegations set forth are denied.

62. U.S. Financial breached the Insurance Policy, its contract with Jeffrey Lane, when it paid the Insurance Proceeds to Mary Jo Lane instead of Plaintiffs in violation of the Insurance

Policy, in violation of its own policies and procedures and in violation of the terms of its Specimen Policy.

**ANSWER:** As the allegations set forth within this paragraph are not directed to Respondent for answer, no answer is required and none is made; however, to the extent an answer is required, all allegations set forth are denied.

63.     Specifically, U.S. Financial breached the Insurance Policy when it paid the Insurance Proceeds to Mary Jo Lane instead of Plaintiffs because:

    a. U.S. Financial paid the Insurance Proceeds to Mary Jo Lane based upon the forged Purported Change of Beneficiary Designation (Exhibit 10);

    b. U.S. Financial paid the Insurance Proceeds to Mary Jo Lane in violation of the December 2007 Change of Beneficiary Designation indicating that the primary beneficiaries of the Insurance Policy were Plaintiffs;

    c. U.S. Financial paid the Insurance Proceeds to Mary Jo Lane based upon the Purported Change of Beneficiary Designation despite, on information and belief, receiving the Purported Change of Beneficiary Designation after the death of Jeffrey Lane and after Plaintiffs' rights as primary beneficiaries to the Insurance Policy and Insurance Proceeds were vested; and/or

    d. U.S. Financial did not investigate the veracity and authenticity of the Purported Change of Beneficiary Form despite: (i) having no record of confirming the change of beneficiary request with Jeffrey Lane as per its usual custom and practice; (ii) it's internal record system indicating that Plaintiffs were the primary beneficiaries of the Insurance Policy at the

time of Jeffrey Lane's death (Exhibit I I); and (iii) having notice via the December 3, 2014 email from the Estate of Jeffrey Lane's attorney (Exhibit 7) that Plaintiffs also claimed an interest in the Insurance Proceeds.

**ANSWER:** As the allegations set forth within this paragraph are not directed to Respondent for answer, no answer is required and none is made; however, to the extent an answer is required, all allegations set forth are denied.

64. Plaintiffs have been damaged in the amount of at least $400,160.00 as a direct and proximate result of U.S. Financial's breach of the Insurance Policy.

**ANSWER:** As the allegations set forth within this paragraph are not directed to Respondent for answer, no answer is required and none is made; however, to the extent an answer is required, all allegations set forth are denied.

## COUNT V
**(Declaratory Judgment - Mary Jo Lane and U.S. Financial)**

65. Plaintiffs incorporate by reference Paragraphs 1 through 33 above as Paragraph 65 of this Count V as if fully set forth herein.

**ANSWER:** Respondent incorporates by reference her answers to all preceding paragraphs of this Complaint, as applicable and as if set forth herein.

66. 28 U.S.C. § 2201 provides:

In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding

regarding a class or kind of merchandise of a free trade area country (as defined in section 5 I6A(f)(I 0) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

**ANSWER:** Respondent admits that 28 U.S.C. §2201 exists and is independently verifiable.

67.     As detailed in the allegations in Paragraphs 1 through 33 hereinabove, there exists an actual and justiciable controversy for purposes of 28 U.S.C. §2201 between Plaintiffs and Defendants that requires a declaration of the rights between the parties and resolution of this Court.

**ANSWER:** Deny.

68.     Plaintiffs contend that the December 2007 Change in Beneficiary Designation (Exhibit 3) is the beneficiary designation for the Insurance Policy which governed how the Insurance Proceeds were to be disbursed.

**ANSWER:**  Respondent lacks knowledge and information sufficient to form a belief about the truth of the allegations set forth within this paragraph and, therefore, denies the same in its entirety.

69.     Based on Defendants Mary Jo Lane's and U.S. Financial's actions as described herein, Defendants contend that the Purported Change in Beneficiary Designation (Exhibit 10) governed how the Insurance Proceeds were to be disbursed.

**ANSWER:** Respondent lacks knowledge and information sufficient to form a belief about the truth of the allegations set forth within this paragraph and, therefore, denies the same in its

entirety.

70.     Plaintiffs seek a declaration that the December 2007 Change in Beneficiary Designation (Exhibit 3) is the beneficiary designation for the Insurance Policy which governs how the Insurance Proceeds were to be disbursed.

**ANSWER:**  Respondent lacks knowledge and information sufficient to form a belief about the truth of the allegations set forth within this paragraph and, therefore, denies the same in its entirety.

71.     Plaintiffs seek a declaration that the Purported Change in Beneficiary Designation (Exhibit I0) is void as it contains the forged signature of Jeffrey Lane.

**ANSWER:**  Respondent lacks knowledge and information sufficient to form a belief about the truth of the allegations set forth within this paragraph and, therefore, denies the same in its entirety.

72.     Plaintiffs seek a declaration that the Insurance Proceeds were incorrectly and wrongly paid to Mary Jo Lane instead of Plaintiffs and ask that this Honorable Court imposed a constructive trust over the Insurance Proceeds for the benefit of Plaintiffs.

**ANSWER:**  Respondent lacks knowledge and information sufficient to form a belief about the truth of the allegations set forth within this paragraph and, therefore, denies the same in its entirety.

## AFFIRMATIVE DEFENSES OF MARY JO LANE

NOW COMES the Defendant, MARY JO LANE, by and through her attorneys, and set forth the following Affirmative Defenses to Plaintiffs' Complaint, as follows:

1.      Venue in the Northern District of Illinois is improper pursuant to Fed. R. Civ. P.

12(b)(3) and 28 U.S.C. §1406(a). Contrary to Plaintiffs' assertions, the judicial district in which

a substantial part of the events or omissions giving rise to the claims occurred in Indiana. In this

case, all of the Counts against Respondent involve torts that allegedly occurred in Indiana.

Respondent resides and is domiciled in Indiana, was married to the deceased in Indiana, lived

with the deceased until the time of his death in Indiana, and was a resident and citizen of Indiana

at the time(s) in which she allegedly committed the act(s) made the basis of the Counts against

her. Moreover, the property made the basis of the entire Complaint; to wit, the insurance

proceeds, are located in Indiana. The choice of law for the Counts against the Respondent shall

be governed by the laws of the State of Indiana. Respondent shall make a timely motion after the

pleading has closed.

2.      Plaintiffs fail to state a claim for which relief can be granted pursuant to Fed. R.

Civ. P. 12(b)(6).   Plaintiffs' claim for fraud fails because Plaintiffs' Complaint lacks the

specificity required by Fed. R. Civ. P. 9(b).

3.      Plaintiffs fail to state a claim for which relief can be granted pursuant to Fed. R.

Civ. P. 12(b)(6).   Plaintiffs' claim for conversion fails because Plaintiffs were never in

possession of the Insurance Proceeds; Respondent has not asserted wrongful control and

ownership over the Insurance Proceeds as US Financial disbursed the Insurance Proceeds to her

pursuant to a contract executed by the deceased and US Financial; and Plaintiffs cannot allege

that they are entitled to immediate possession of the Insurance Proceeds because US Financial

properly disbursed the Insurance Proceeds. In short, Plaintiffs cannot allege conversion because

any entitlement to the Insurance Proceeds is contingent upon the alleged forgery made the basis

of their fraud claim and if the Plaintiffs were to succeed on their fraud claim, the conversion

claim would be superfluous.

4.      Plaintiffs fail to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs cannot claim breach of contract against US Financial because they were not in privity of contract with US Financial and have not properly alleged or supported that they are intended third party beneficiaries of the insurance contract between the deceased and US Financial.

5.      Plaintiffs fail to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs cannot claim an intentional interference with an expectancy because the Court lacks subject matter jurisdiction. The claim is precluded by Federal Probate Exception to federal jurisdiction. *See Marshall v. Marshall*, 547 U.S. 293, 299 (2006).

6.      Plaintiffs fail to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs cannot seek a declaratory judgment against the Respondent because no actual controversy exists between the Respondent and Plaintiffs. Respondent is not in privity of contract with US Financial and did not contract with US Financial in any way. As such, no rights or other legal relations exist between Respondent and Plaintiffs that the Court can declare. Respondent should not have been made a party to this Count of the Complaint.

Respectfully Submitted,

MARY JO LANE,

By:     /s/ Christian J. Jorgensen
        One of Her Attorneys

        Christian J. Jorgensen
        ARDC# 6243203
        Dressler | Peters, LLC
        70 West Hubbard St., Suite 200
        Chicago, Illinois 60654
        Phone: 312-602-7360

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, a non-attorney, states that she caused a correct copy of the foregoing **Answer & Affirmative Defenses of Mary Jo Lane** to be served upon defendant(s)/counsel at the address set forth below via electronic notification on the 28th day of August, 2015:

Thomas A Jefson
Robbins Salomon & Patt, Ltd.
180 North LaSalle Street
#3300
Chicago, IL 60601
(312) 782-9000
Fax: (312) 782-6690
Email: tjefson@rsplaw.com

Diana Helene Psarras
Robbins, Salomon & Patt, Ltd.
180 North LaSalle Street
Suite3300
Chicago, IL 60601
(312) 782-9000
Email: dpsarras@rsplaw.com

By:     /s/ Rachel McCandless_____
        Rachel McCandless
        Paralegal
        Dressler | Peters, LLC