IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Beth Lane, Tiffany Lane and Sarah Bleakley, | ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 15-cv-6570 |
| v. | ) ) | Judge John J. Tharp Jr. |
| Mary Joe Lane and U.S. Financial Life Insurance Co., a subsidiary of AXA Equitable, | ) ) ) ) ) | Magistrate Judge Jeffrey Cole |
| Defendants. | ) | |

## U.S. FINANCIAL'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant U.S. Financial Life Insurance Co., by its attorneys, Steven M. Hartmann and Patrick Frye of Freeborn & Peters LLP, and for its Answer and Affirmative Defenses to Plaintiffs' Complaint, alleges and states as follows:

## ANSWER

### Parties

1. Plaintiff Beth Lane is a resident of the State of Illinois. Beth Lane is one of the three biological children of Jeffrey D. Lane, deceased ("Jeffrey Lane").

**ANSWER:** U.S. Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies said allegations and demands strict proof thereof.

2. Plaintiff Tiffany Lane is a resident of the State of Illinois. Tiffany Lane is one of the three biological children of Jeffrey Lane.

**ANSWER:** U.S. Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies said allegations and demands strict proof thereof.

3. Plaintiff Sarah Bleakley is a resident of the State of Illinois. Sarah Bleakley is one of the three biological children of Jeffrey Lane.

**ANSWER:** U.S. Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies said allegations and demands strict proof thereof.

4. Defendant Mary Jo Lane f/k/a Mary Jo Wiltshire ("Mary Jo Lane") is a resident of the State of Indiana. Mary Jo Lane is the fourth wife and widow of Jeffrey Lane.

**ANSWER:** U.S. Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies said allegations and demands strict proof thereof.

5. Defendant U.S. Financial Life Insurance Co. ("U.S. Financial") is a corporation organized in and registered with the State of Ohio, which, upon information and belief, maintains its principal offices in Cincinnati, Ohio.

**ANSWER:** U.S. Financial admits the allegations of this paragraph.

6. Upon information and belief, U.S. Financial is a subsidiary of AXA Equitable, a New York stock life insurance corporation organized and registered in the State of New York, which maintains its principal offices in New York, New York and Jersey City, New Jersey.

**ANSWER:** U.S. Financial denies the allegations of this paragraph.

### Jurisdiction and Venue

7. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332(a) by virtue of the fact that the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**ANSWER:** U.S. Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies said allegations and demands strict proof thereof.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) by virtue of the fact that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, namely that the insurance policy which forms the basis for Plaintiffs' claims herein originated in and was executed in this judicial district in Oak Forest, Illinois.

**ANSWER:** U.S. Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies said allegations and demands strict proof thereof.

### Common Allegations

9. On or about February 8, 2002, Jeffrey Lane, a then resident of the State of Illinois, residing in Oak Forest, Illinois, applied for a $400,000 life insurance policy with U.S. Financial. A true and correct copy of the application is attached hereto as Exhibit 1.

**ANSWER:** U.S. Financial admits the allegations of this paragraph's first sentence. U.S. Financial admits that attached to the Complaint as Exhibit 1 are pages of Mr. Lane's application but denies that Exhibit 1 is a true and correct copy of the entire application. U.S. Financial denies the remaining allegations of this paragraph.

10. U.S. Financial accepted the application and Jeffrey Lane became the owner of a $400,000 life insurance policy with U.S. Financial, designated as policy no. 0000201954 (the "Insurance Policy"), from on or about April 22, 2002 up to Jeffrey Lane's death on November 11, 2014.

**ANSWER:** U.S. Financial admits the allegations of this paragraph.

11. Plaintiffs have subpoenaed records from U.S. Financial relating to the Insurance Policy and all documents related thereto. Upon information and belief, U.S. Financial has responded by providing the best and most complete information on the Insurance Policy currently available to it, including but not limited to the Insurance Policy application, change of beneficiary forms, correspondence regarding the Insurance Policy and the death claim file for Jeffrey Lane.

**ANSWER:** U.S. Financial admits that Plaintiffs subpoenaed records from U.S. Financial relating to the Insurance Policy, and that U.S. Financial responded to the subpoena by providing the Insurance Policy's application, change of beneficiary forms, correspondence and the death claim file, which U.S. Financial believed were the best and most complete responsive documentation at the time of its response. U.S. Financial denies the remaining allegations of this paragraph.

12. U.S. Financial has been unable to locate the specific Insurance Policy issued to Jeffrey Lane, but have provided Plaintiffs with a "Specimen" Policy that it has represented contains the terms and provisions that would have governed Jeffrey Lane's Insurance Policy. A true and correct copy of the Specimen Policy is attached hereto as Exhibit 2.

**ANSWER:** U.S. Financial admits that it does not maintain actual copies of insurance policies it issues and did not retain a copy of the Policy issued to Jeffrey Lane, and further admits that it provided Plaintiffs with a Specimen Policy which it believes contains the terms and provisions that would have governed Jeffrey Lane's Insurance Policy, and that a true and correct copy of the Specimen Policy is attached to the Complaint as Exhibit 2. U.S. Financial denies the remaining allegations of this paragraph.

13. In his February 8, 2002 application, Jeffrey Lane designated the Plaintiffs and his sister, Cathy Kuiken, as the primary beneficiaries of the Insurance Policy, with each being granted the following interest in the Insurance Policy: Beth Lane 30%; Tiffany Lane 30%; Sarah Lane 30%; Cathy Kuiken 10%. (Exhibit 1, p. 2)

**ANSWER:** U.S. Financial admits the allegations of this paragraph.

14. On or about December 14, 2007, Jeffrey Lane changed the primary beneficiary designation of the Insurance Policy to designate just the Plaintiffs as the primary beneficiaries, with each being granted a one-third (1/3) interest in the Insurance Policy (the "December 2007 Change of Beneficiary Designation"). A true and correct copy of the December 2007 Change of Beneficiary Designation submitted to U.S. Financial on or about December 14, 2007 is attached hereto as Exhibit 3.

**ANSWER:** U.S. Financial admits the allegations of this paragraph.

15. By a letter dated December 29, 2007, U.S. Financial sent Jeffrey Lane a written confirmation that his December 2007 Change of Beneficiary Designation was received, processed and recorded. A true and correct copy of the December 29, 2007 acknowledgment letter is attached hereto as Exhibit 4.

**ANSWER:** U.S. Financial admits the allegations of this paragraph.

16. By a letter dated August 10, 2011, U.S. Financial sent Jeffrey Lane a written confirmation acknowledging receipt and recording of his notification of a change of address. A true and correct copy of the August 10, 2011 acknowledgment letter is attached hereto as Exhibit 5.

**ANSWER:** U.S. Financial admits the allegations of this paragraph.

4

17. On October 28, 2011, Jeffrey Lane married defendant Mary Jo Lane.

**ANSWER:** U.S. Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies said allegations and demands strict proof thereof.

18. By a letter dated January 23, 2013, U.S. Financial sent Jeffrey Lane a written confirmation acknowledging receipt and recording of his notification of a change of address. A true and correct copy of the January 23, 2013 letter is attached hereto as Exhibit 6.

**ANSWER:** U.S. Financial admits the allegations of this paragraph.

19. Jeffrey Lane died on November 11, 2014.

**ANSWER:** On information and belief, U.S. Financial admits the allegations of this paragraph.

20. Jeffrey Lane was survived by the Plaintiffs, Mary Jo Lane and two adopted children from his second marriage.

**ANSWER:** U.S. Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies said allegations and demands strict proof thereof.

21. From February 2002 up to his death, Plaintiffs were consistently told by Jeffrey Lane that he had the Insurance Policy for their benefit if something were to happen to him.

**ANSWER:** U.S. Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies said allegations and demands strict proof thereof.

22. After Jeffrey Lane's death, Mary Jo Lane's attorney and the attorney for the Estate of Jeffrey Lane believed Plaintiffs were the beneficiaries of the Insurance Policy and on December 3, 2014 directed U.S. Financial to send claim forms for Plaintiffs to complete. A true and correct copy of the December 3, 2014 email from Mary Jo Lane's and the Estate of Jeffrey Lane's attorney is attached hereto as Exhibit 7.

**ANSWER:** On information and belief, U.S. Financial admits that on December 3, 2014, Tim Kulper, who claimed to be an attorney for Defendant Lane and the Estate of Jeffrey Lane, sent

U.S. Financial an email requesting that "If anything changes on the account, please let me know" and "Otherwise, please send me the proper claim forms so that I can send them to Jeff's 3 daughters." U.S. Financial further admits that Exhibit 7 is a true and correct copy of this December 3, 2014 email from Mr. Kulper. U.S. Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Mr. Kulper believed Plaintiffs were the beneficiaries of the Insurance Policy and therefore denies said allegation and demands strict proof thereof. U.S. Financial denies the remaining allegations of this paragraph.

23. However, in late December 2014, Mary Jo Lane submitted a claim form to U.S. Financial dated December 16, 2014, titled "Beneficiary's Statement" in which Mary Jo Lane identified herself as the sole beneficiary of the Insurance Policy (the "Claim Form"). A true and correct copy of the Claim Form is attached hereto as Exhibit 8.

**ANSWER:** U.S. Financial admits the allegations of this paragraph.

24. On or about January 6, 2015, U.S. Financial paid Mary Jo Lane the entire proceeds of the insurance policy of $400,000.00 plus a refund of the premium in the amount of $160.00, for a total payment of $400,160.00 (the "Insurance Proceeds"). A true and correct copy of the January 6, 2015 transmittal letter and a true and correct copy of the payment check dated January 5, 2015 are attached hereto as Exhibit 9.

**ANSWER:** U.S. Financial admits the allegations of this paragraph.

25. Payment was made to Mary Jo Lane pursuant to a purported change in beneficiary designation, purportedly signed by Jeffrey Lane on August 8, 2011 (the "Purported Change in Beneficiary Designation"). A true and correct copy of the Purported Change in Beneficiary Designation is attached hereto as Exhibit 10.

**ANSWER:** U.S. Financial admits the allegations of this paragraph.

26. The Purported Change in Beneficiary Designation designated Mary Jo Lane, his then-fiancée, as the sole primary beneficiary of the Policy and designated the "Estate of Jeff Lane" as the contingent beneficiary. (Exhibit 10)

**ANSWER:** U.S. Financial admits the allegations of this paragraph.

27. The Purported Change in Beneficiary Designation (Exhibit 10) is void as it contains the forged signature of Jeffrey Lane.

**ANSWER:** U.S. Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies said allegations and demands strict proof thereof.

28. Upon information and belief, Mary Jo Lane, or someone on behalf of or at the direction of Mary Jo Lane, filled in the information contained on the Purported Change in Beneficiary Designation and forged the signature of Jeffrey Lane on the Purported Change in Beneficiary Designation.

**ANSWER:** U.S. Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies said allegations and demands strict proof thereof.

29. Upon information and belief, Jeffrey Lane did not authorize or otherwise consent to Mary Jo Lane, or someone on behalf of or at the direction of Mary Jo Lane, signing his name to the Purported Change in Beneficiary Designation.

**ANSWER:** U.S. Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies said allegations and demands strict proof thereof.

30. Upon information and belief, Jeffrey Lane did not authorize or otherwise consent to designating Mary Jo Lane as the sole primary beneficiary of the Insurance Policy as set forth on the Purported Change in Beneficiary Designation.

**ANSWER:** U.S. Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies said allegations and demands strict proof thereof.

31. It is unknown when the Purported Change in Beneficiary Designation was actually received by U.S. Financial for the following reasons:

   a. There are two time stamps on the Purported Change in Beneficiary Designation, one dated November 7, 2011 and one dated August 19 with an illegible year two-digit year designation that beings with a zero. (Exhibit 10)

7

    b.    U.S. Financial has no record of sending Jeffrey Lane a confirmation/acknowledgement of the Purported Change in Beneficiary Designation being received or processed.

    c.    Contrary to the 2007 Change in Beneficiary Designation (Exhibit 3) the Purported Change in Beneficiary Designation (Exhibit 10) contains no stamp or other marking recording when the Purported Change in Beneficiary Designation was received by U.S. Financial.

    d.    According to U.S. Financial's internal system, as of November 14, 2014, Plaintiffs were still identified as the beneficiaries of the Insurance Policy and the system notes only that "there is a beneficiary change on file in AWD – changing beneficiary to fiancée/now wife Mary Jo." A true and correct copy of U.S. Financial's intake form reporting the death of Jeffrey Lane and including the report of information contained on U.S. Financial's system as of November 14, 2014 is attached hereto as Exhibit 11.

    e.    Plaintiffs were informed that the Purported Change in Beneficiary Designation (Exhibit 10) was "found" by Mary Jo Lane and submitted to U.S. Financial after Jeffrey Lane's death.

**ANSWER:** U.S. Financial denies the allegations of this paragraph including subparts (a) through (e) inclusive.

    32.    Plaintiffs remain the true and intended primary beneficiaries of the Insurance Policy by virtue of the December 2007 Change in Beneficiary Designation (Exhibit 3), which is the last and most recent authentic beneficiary designation for the Insurance Policy.

**ANSWER:** U.S. Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies said allegations and demands strict proof thereof.

    33.    Plaintiffs, as the primary beneficiaries of the Insurance Policy have a third-party beneficiary interest in the Insurance Policy.

**ANSWER:** U.S. Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies said allegations and demands strict proof thereof.

### Count I
### (Common Law Fraud – Mary Jo Lane)

34-43. COUNT I IS NOT DIRECTED TO U.S. FINANCIAL AND THEREFORE IT MAKES NO ANSWER THERETO.

### Count II
### (Conversion – Mary Jo Lane)

44-50. COUNT II IS NOT DIRECTED TO U.S. FINANCIAL AND THEREFORE IT MAKES NO ANSWER THERETO.

### Count III
### (Tortious Interference with Inheritance – Mary Jo Lane)

51-57. COUNT III IS NOT DIRECTED TO U.S. FINANCIAL AND THEREFORE IT MAKES NO ANSWER THERETO.

### Count IV
### (Breach of Contract – U.S. Financial)

58. Plaintiffs incorporate by reference Paragraphs 1 through 33 above as Paragraph 58 of this Count IV as if fully set forth herein.

**ANSWER:** U.S. Financial incorporates by reference its answers to Paragraphs 1 through 33 above as 58 of this Count IV as if fully set forth herein.

59. The Insurance Policy was a contract between U.S. Financial and Jeffrey Lane.

**ANSWER:** U.S. Financial admits the allegations of this paragraph.

60. Plaintiffs were and are the intended true third-party beneficiaries of the Insurance Policy who are entitled to enforce the Insurance Policy.

**ANSWER:** U.S. Financial admits that prior to August 13, 2011, Plaintiffs were the intended true third-party beneficiaries of the Insurance Policy and were entitled to enforce the Insurance Policy. U.S. Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations that after August 13, 2011, Plaintiffs were (and are) the intended true third-party beneficiaries of the Insurance Policy who are entitled to enforce the Insurance Policy and therefore denies said allegations and demands strict proof thereof.

61. Pursuant to the Specimen Policy (Exhibit 2), which governs the terms and conditions of the Insurance Policy, U.S. Financial agreed that "a change in beneficiary must be made in a form acceptable to us. No change will become effective until we record it. Once recorded, the change will be effective as of the date you signed the request." (Exhibit 2, p. 9)

**ANSWER:** Exhibit 2 to the Complaint is a written document which speaks for itself. Paragraph 61 quotes a portion of said written document. U.S. Financial denies any characterizations by Plaintiffs that are inconsistent with said written document. U.S. Financial denies the remaining allegations of this paragraph.

62. U.S. Financial breached the Insurance Policy, its contract with Jeffrey Lane, when it paid the Insurance Proceeds to Mary Jo Lane instead of Plaintiffs in violation of the Insurance Policy, in violation of its own policies and procedures and in violation of the terms of its Specimen Policy.

**ANSWER:** U.S. Financial denies the allegations of this paragraph.

63. Specifically, U.S. Financial breached the Insurance Policy when it paid the Insurance Proceeds to Mary Jo Lane instead of Plaintiffs because:

   a. U.S. Financial paid the Insurance Proceeds to Mary Jo Lane based upon the forged Purported Change of Beneficiary Designation (Exhibit 10);

   b. U.S. Financial paid the Insurance Proceeds to Mary Jo Lane in violation of the December 2007 Change of Beneficiary Designation indicating that the primary beneficiaries of the Insurance Policy were Plaintiffs;

   c. U.S. Financial paid the Insurance Proceeds to Mary Jo Lane based upon the Purported Change of Beneficiary Designation despite, on information and belief, receiving the Purported Change of Beneficiary Designation after the death of Jeffrey Lane and after Plaintiffs' rights as primary beneficiaries to the Insurance Policy and Insurance Proceeds were vested; and/or

   d. U.S. Financial did not investigate the veracity and authenticity of the Purported Change of Beneficiary Form despite: (i) having no record of confirming the change of beneficiary request with Jeffrey Lane as per its usual custom and practice; (ii) it's internal record system indicating that Plaintiffs were the primary beneficiaries of the Insurance Policy at the time of Jeffrey Lane's death (Exhibit 11); and (iii) having notice via the December 3, 2014 email from the Estate of Jeffrey Lane's attorney (Exhibit 7) that Plaintiffs also claimed an interest in the Insurance Proceeds.

**ANSWER:** U.S. Financial denies the allegations of this paragraph including subparts (a)-(d) inclusive.

64. Plaintiffs have been damaged in the amount of at least $400,160.00 as a direct and proximate result of U.S. Financial's breach of the Insurance Policy.

**ANSWER:** U.S. Financial denies the allegations of this paragraph.

## Count V
### (Declaratory Judgment – Mary Jo Lane and U.S. Financial)

65. Plaintiffs incorporate by reference Paragraphs 1 through 33 above as Paragraph 65 of this Count V as if fully set forth herein.

**ANSWER:** U.S. Financial incorporates by reference its answers to paragraphs 1 through 33 above as 65 of this Count V as if fully set forth herein.

66. 28 U.S.C. § 2201 provides:

> In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(l0) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

**ANSWER:** Paragraph 66 quotes a portion of a federal statute which speaks for itself and requires no answer. U.S. Financial denies this paragraph to the extent it is inconsistent with the statutory language. U.S. Financial denies Plaintiffs are entitled to any relief under the referenced statute.

67. As detailed in the allegations in Paragraphs 1 through 33 hereinabove, there exists an actual and justiciable controversy for purposes of 28 U.S.C. § 2201 between Plaintiffs and

11

Defendants that requires a declaration of the rights between the parties and resolution of this Court.

**ANSWER:** U.S. Financial denies the allegations of this paragraph.

68. Plaintiffs contend that the December 2007 Change in Beneficiary Designation (Exhibit 3) is the beneficiary designation for the Insurance Policy which governed how the Insurance Proceeds were to be disbursed.

**ANSWER:** U.S. Financial admits that the allegations of this paragraph set forth Plaintiffs' contention. U.S. Financial denies the remaining allegations of this paragraph.

69. Based on Defendants Mary Jo Lane's and U.S. Financial's actions as described herein, Defendants contend that the Purported Change in Beneficiary Designation (Exhibit 10) governed how the Insurance Proceeds were to be disbursed.

**ANSWER:** U.S. Financial admits that it paid Defendant Lane Insurance Proceeds pursuant to the Title Change Form attached to the Complaint as Exhibit 10 which changed Mr. Lane's intended beneficiary under his Insurance Policy, and further states that at the time of this payment, U.S. Financial was unaware of any suspicious circumstances regarding this Title Change Form. U.S. Financial denies the remaining allegations of this paragraph.

70. Plaintiffs seek a declaration that the December 2007 Change in Beneficiary Designation (Exhibit 3) is the beneficiary designation for the Insurance Policy which governs how the Insurance Proceeds were to be disbursed.

**ANSWER:** U.S. Financial admits that the allegations of this paragraph set forth the declaration sought by Plaintiffs. U.S. Financial denies the remaining allegations of this paragraph.

71. Plaintiffs seek a declaration that the Purported Change in Beneficiary Designation (Exhibit 10) is void as it contains the forged signature of Jeffrey Lane.

**ANSWER:** U.S. Financial admits that the allegations of this paragraph set forth the declaration sought by Plaintiffs. U.S. Financial denies the remaining allegations of this paragraph.

72. Plaintiffs seek a declaration that the Insurance Proceeds were incorrectly and wrongly paid to Mary Jo Lane instead of Plaintiffs and ask that this Honorable Court imposed a constructive trust over the Insurance Proceeds for the benefit of Plaintiffs.

**ANSWER:** U.S. Financial admits that the allegations of this paragraph set forth the declaration sought by Plaintiffs. U.S. Financial denies the remaining allegations of this paragraph.

## AFFIRMATIVE DEFENSES

Defendant U.S. Financial Life Insurance Co., for its affirmative defenses to Plaintiffs' Complaint, alleges and states as follows:

### Defense No. 1 – Waiver, Laches and Estoppel

Plaintiffs' claims against U.S. Financial are barred under the doctrines of waiver, laches and estoppel as Plaintiffs and/or their representatives failed to make a competing claim or take any other action to dispute or halt the payment of the death benefits payable under the Insurance Policy despite their knowledge of Mr. Lane's death and the existence of the Insurance Policy.

### Defense No. 2 – Good Faith Payment

Plaintiffs' claims against U.S. Financial are barred because U.S. Financial, in good faith, paid the death benefits under the Insurance Policy to the beneficiaries apparently designated by the insured in accordance with the terms of the Policy.

### Defense No. 3 – Damages

U.S. Financial's liability to Plaintiffs, if any, is reduced by any amount Plaintiffs recover from Mary Jo Lane.

WHEREFORE, Defendant U.S. Financial Life Insurance Company requests that the Court enter judgment in its favor and against Plaintiffs on Counts IV and V of the Complaint,

dismissing said claims with prejudice; award U.S. Financial its costs; and grant such other relief as is just.

                                      Respectfully submitted,

                                      U.S. FINANCIAL LIFE INSURANCE CO.


                                      By:   /s/ Steven M. Hartmann
                                                   One of Its Attorneys

Steven M. Hartmann (6185428)
Patrick Frye (6282907)
Freeborn & Peters LLP
311 S. Wacker Drive
Suite 3000
Chicago, IL 60606
312.360.6000
shartmann@freeborn.com
pfrye@freeborn.com


3425223v2